## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**MARA FORLOINE,**

      **Plaintiff,**

**v.**                                 **CIV. ACT. NO.** 3:23-cv-00450

**JEFFREY H. COBEN, M.D.,**
**Interim Cabinet Secretary of the West Virginia Department**
**of Health and Human Services, in his official capacity only,**

**and**

**CYNTHIA BEANE,**
**Deputy Commissioner of the Bureau for Medical Services,**
**in her official capacity only,**

**and**

**AETNA BETTER HEALTH OF WEST VIRGINIA,**

      **Defendants.**

## VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF AND FOR DAMAGES

## INTRODUCTION

1.     Plaintiff Mara Forloine is a Medicaid eligible West Virginian wrongly being denied the Medicaid benefits to which she is entitled, in violation of federal law and the United States Constitution.

2.     Plaintiff lacks a timely and adequate remedy under law against Defendants to remedy the continuing deprivation and infringements of rights which Defendants, jointly and severally, are perpetrating.

3.      Plaintiff brings this action for injunctive relief to enforce her federal rights to approval of and payment for the Medicaid-covered services to which Plaintiff has been found entitled.

4.      Plaintiff also seeks damages from Defendant Aetna Better Health for West Virginia for the daily injuries its actions in concert with the other Defendants have and are continuing to inflict on her.

## JURISDICTION

5.      This Court has jurisdiction over the claims made by Plaintiff under 28 U.S.C. §1331 and 28 U.S.C. § 1343(a).

6.      Venue is proper in the Southern District of West Virginia, Huntington Division, because the events at issue occurred therein and because all the Defendants are properly subject to service there.

## PARTIES

7.       Plaintiff Mara Forloine is a transgender woman. At all times relevant she has been eligible for federal Medicaid benefits through the West Virginia Department of Health and Human Resources. Plaintiff's residence is in Scott Depot, Putman County, West Virginia.

8.      Defendant Jeffrey H. Coben, M.D., was appointed interim Cabinet Secretary of the West Virginia Department of Health and Human Resources (DHHR) by Governor Justice in December 2022.

9.      In that capacity, Dr. Coben wields chief executive and administrative authority over all activities and actions of DHHR, including operations of its Bureau for Medical Services. Dr. Coben therefore has a duty to require DHHR to operate its Medicaid program in conformity with

federal Medicaid statutes and regulations, and in accord with the Constitutional rights of benefit recipients. Dr. Coben is sued in his official capacity only.

10. Defendant Cynthia Beane is the deputy commissioner of DHHR's Bureau for Medical Services (BMS). BMS is the single state agency charged with administration in West Virginia of the joint federal/state-funded public benefit medical programs established under federal law, including Title XIX of the Social Security Act.

11. In that role, BMS is directly responsible for daily implementation of the federal Medicaid program to benefit eligible West Virginia recipients like Plaintiff. In her capacity as deputy commissioner, Defendant Beane has a duty to require that the Bureau operate in conformity with federal Medicaid statutes and regulations, and in accord with the Constitutional rights of benefit recipients. Defendant Beane is sued in her official capacity only.

12. Defendant Aetna Better Health of West Virginia (Aetna) is a private company which has contracted with DHHR to act as a managed care organization (MCO) providing medical benefits to Medicaid eligible recipients who chose it or are assigned to its rolls.

13. Under law and contract, Aetna acts jointly and in concert with DHHR to oversee, administer, and provide Medicaid services and benefits to West Virginians, and must do so in compliance with the same federal Medicaid statutes, regulations, and Constitutional requirements to which DHHR and BMS are subject.

14. Defendant Aetna at all relevant times has been the managed care organization which, jointly and in concert with the other Defendants, has administered and controlled Plaintiff's receipt of the Medicaid benefits to which Plaintiff is legally entitled.

**FACTS**

15.    Plaintiff Mara Forloine, a recipient of Medicaid benefits under the West Virginia Medicaid program as operated and administered by the Defendants, was diagnosed as suffering from gender dysphoria in 2016.

Plaintiff Wrongly Denied Pre-Approval of Surgical Procedures

16.    On December 20, 2022, Plaintiff requested Aetna grant Medicaid pre-approval of a series of four surgical procedures for treatment of her gender dysphoria: frontal cranioplasty, brow lift, hairline advancement, and orbital rim recontouring.

17.    Plaintiff requested pre-approval for these surgeries under West Virginia Department of Health and Human Resources, Bureau for Medical Services, Provider Manual Chapter 519.24, enacted by DHHR in response to this Court's August 22, 2022, order in *Fain, et al. v. Crouch, et al.*, 618 F.Supp.3d 313 (2022) (Chambers, J.). (*See* Exhibit 1, attached).

18.    Aetna, acting in concert with the other Defendants as Plaintiff's Medicaid managed care provider, wrongly denied Plaintiff's request for pre-approval of the frontal cranioplasty, hairline advancement, and orbital rim recontouring surgeries by notice issued on December 23, 2022. (*See* Exhibit 2, attached.) The erroneous denial claimed that the surgeries "would make Plaintiff look different" but were not medically necessary to treat Plaintiff's medical condition.

19.    Plaintiff appealed Aetna's denial of pre-approval, but Aetna wrongly denied that appeal on January 17, 2023, stating:

> Your appeal was decided on 1/17/2023. The Committee decided that the service you requested is not covered by Aetna Better Health of West Virginia. . . frontal cranio-plasty, Brow lift, Hairline advancement, and Orbital rim recontouring are considered non-covered codes by the West Virginia Department of Health and Human. *See* Bureau for Medical Services Provider Manual Chapter 519.24 Gender Affirmation Surgery and the Aetna Better Health of West Virginia 2022-2023 Member Handbook, page 32, Services Not Covered. Therefore, your request remains denied as non-covered.

<u>Plaintiff Seeks DHHR Fair Hearing to Challenge the Denials</u>

20.     Plaintiff shortly thereafter requested a fair hearing appeal to DHHR's Board of Review as was Plaintiff's right under 42 U.S.C. § 1396a(3); 42 C.F.R. 431, Subpart E; 42 C.F.R. § 438 Subpart F; West Virginia's State Medicaid Plan; and *Goldberg v. Kelly*, 397 U.S. 254 (1970).

21.     Pursuant to federal law, Plaintiff's claim of eligibility had to be finally adjudicated by final administrative action within ninety (90) days of the date Plaintiff requested that fair hearing appeal. *See* 42 C.F.R. § 431.244(f).

22.     Plaintiff's appeal was made to DHHR's Board of Review, named by West Virginia's Title XIX plan as the state hearing authority with power to make final administrative determinations of Medicaid eligibility issues.

23.     The Board of Review is a quasi-independent DHHR agency designated to impartially hear and adjudicate all Medicaid recipient "fair hearing" appeals of actions or failures to act by DHHR, BMS, or their MCOs.

24.     In that capacity, hearing officers are empowered, authorized, and responsible for entering a conclusive and final adjudication of all disputed Medicaid eligibility questions as BMS' final administrative action. *See* 42 C.F.R. § 431.244; *see also* HHS's Center for Medicare and Medicaid Services, State Medicaid Manual (CMS Manual) § 2903.2 (attached as Exhibit 3).

25.      Under law and West Virginia's Title XIX Medicaid plan, Hearing Officers have full and independent authority to affirm, overrule, or correct any actions or inactions appealed, including denials of requests for pre-approval of medical services.

26.     By federal law, the decisions of DHHR's Hearing Officers are binding upon BMS and any MCO involved in the appeal.

27.    Further, when the state hearing appeal involves an MCO's refusal to approve or provide a requested benefit, the MCO is required to implement a state hearing decision favorable to the Medicaid recipient within 72 hours of being notified of that decision. *See* 42 C.F.R. § 438.424.

28.    Board of Review State Hearing Officer Todd Thorton heard Plaintiff's appeal on February 28, 2023.

29.    In fair hearings relating to denials of Medicaid pre-approval requests, BMS and the MCO bear the burden of justifying the denial by a preponderance of the evidence presented at hearing.

30.    State Hearing Officer Thorton first took evidence and argument from the Defendants as to their justification for the previous denials of Plaintiff's request for pre-approval of the four surgeries.

31.    In the hearing, Defendants asserted only that the services were "cosmetic" procedures, not medically necessary, and thus were not covered services even under Bureau for Medical Services, Provider Manual Chapter 519.24.

32.    In response, Plaintiff presented evidence establishing her medical disorder, identifying the effective treatments recognized for that condition, and provided evidence from her treating medical providers explaining why these surgeries were medically necessary for treatment of Plaintiff's gender dysphoria. Based on this evidence, Plaintiff argued the four surgeries were covered services under Provider Manual Chapter 519.24 and the pre-approvals were wrongly denied.

<u>Plaintiff Wins Pre-Approval of Three Surgeries in Fair Hearing, Which Constitutes Final Agency</u>
<u>Action</u>

33.    On March 14, 2023, State Hearing Officer Thorton issued the state hearing decision

on Plaintiff's appeal. (*See* Exhibit 4, attached.)

34.    Hearing Officer Thorton held that Chapter 519.24 explicitly identified the brow lift

procedure as a non-covered service, but that Plaintiff had proven the medical necessity of the other

three surgeries for which pre-approval had been requested.

35.    The hearing decision therefore denied Plaintiff's appeal as to the brow lift surgery,

but otherwise found:

> Because the Appellant established the medical necessity of the surgical procedures
> Frontal cranioplasty, Hairline advancement, and Orbital rim recontouring to treat
> her gender dysphoria, the Respondent may not deny coverage for these procedures
> as cosmetic.

DECISION

> It is the decision of the State Hearing Officer to REVERSE the Respondent's
> determination, through its contracted Managed Care Organization, to deny the
> following surgical procedures: Frontal cranioplasty, Hairline advancement, and
> Orbital rim recontouring. The Respondent's decision regarding the procedure Brow
> lift, is affirmed.

36.    Under federal law, this decision constituted BMS's final and binding administrative

action on Plaintiff's entitlement to have Medicaid benefits pay for the three surgeries approved by

the March 14, 2023, decision.

37.    As a result, the Hearing Officer's determination that three of the surgeries were

medically necessary and therefore covered by West Virginia Medicaid were binding upon BMS

and Aetna.

38.     At all times since the March 14, 2023, decision, Plaintiff therefore has been entitled to have BMS and Aetna issue Medicaid pre-approvals for those three surgeries to Plaintiff's surgeon and has been entitled to payment of Medicaid benefits for the cost of those three surgeries.

39.     In reliance upon the fair hearing decision, Plaintiff's surgeon scheduled her frontal cranioplasty, hairline advancement, and orbital rim recontouring surgeries for September 2023. The surgeries will not take place, however, unless BMS and Aetna timely issue the Medicaid pre-approvals.

BMS Wrongly Attempts to Appeal Final Agency Action

40.     Federal Medicaid statutes and regulations allow a Medicaid recipient who is unhappy with a state hearing decision to seek further appeal through any judicial review process a state may allow for review of final administrative decisions.

41.     However, by federal law, a state hearing decision by DHHR's Board of Review constitutes BMS's final and conclusive administrative determination of eligibility. A decision favorable to the recipient therefore is conclusive and binding upon BMS and its MCO providers.

42.     Federal law does not permit either BMS or Aetna to seek judicial reversal of a state hearing decision favorable to a Medicaid recipient.

43.     Despite Plaintiff's demands since March 14, 2023, and the requirements of law, Defendants, acting in concert, refused and continue to refuse to implement the fair hearing decision by refusing to issue the pre-approvals to which Plaintiff is entitled.

44.     Instead, on April 11, 2023, Defendants acting in concert, purported to file an appeal of the state hearing decision to the West Virginia Intermediate State Court of Appeals, in litigation against Plaintiff identified as *Department of Health and Human Resources, Bureau of Medical Services v. Mara Forloine,* Case No. 23-ICA-147.

45.     The appeal contends that Hearing Officer Thorton wrongly decided the fair hearing appeal, and further that Aetna's original decision that the surgeries were non-covered was not subject to due process appeal through the fair hearing process.

46.     Defendants' actions and inactions violated and are violating federal Medicaid law, and Plaintiff's Constitutional rights, as well as arbitrarily conflicting with BMS's own final administrative action as West Virginia's "single state agency" under the state's Title XIX Medicaid Plan.

47.     Defendants, acting in concert, arbitrarily and capriciously continue, as of the date of filing, to refuse to implement the March 14, 2023, hearing decision by issuing pre-approvals to Plaintiff's surgeon for the frontal cranioplasty, hairline advancement, and orbital rim recontouring surgeries that are scheduled for September 2023.

48.     The nature of these surgeries as medically necessary treatments for gender dysphoria severely limits the availability of surgical opportunities for them.

49.     Moreover, few surgeons have developed the expertise to perform these procedures skillfully, and those who do are much in demand by patients who can afford to pay a market rate for their services.

50.     Consequently, few surgeons who perform these procedures will agree to participate as Medicaid providers because of the paperwork and less-than-market reimbursement that the program involves.

51.     Plaintiff currently has a surgeon who accepts Medicaid for such treatments. That doctor has scheduled the three surgeries approved by the state hearing decision to occur in September 2023.

52.     If the scheduled surgeries are cancelled because pre-approval is not issued as soon as possible, Plaintiff may (at worst) lose her surgeon's cooperation altogether and (at best) will see her medically necessary treatment delayed for an unknown period.

53.     The Defendants' invalid and illegal state court appeal will not come for consideration before October 2023 at the earliest, after the scheduled September 2023 surgeries. Plaintiff, who is indigent and acting pro se in that matter, will be required to prepare and file her own legal brief on the issues and arguments the appellants will raise.

54.     Plaintiff therefore faces imminent and irreparable harm, including ongoing denial of a protected property interest and continued suffering from an untreated medical condition, for which harm she has no adequate remedy at law.

55.      Moreover, the actions and inactions of Defendant Aetna, acting in concert with DHHR, have injured and continue to injury Plaintiff daily, including by loss of the Medicaid benefits to which she is entitled, and worry, inconvenience, stress, and other mental and emotional injuries.

## COUNT I

56.     Defendants, acting in concert under color of state law, have injured and are continuing to injure Plaintiff by deprivation of rights, privileges, and entitlements guaranteed her by federal law, including Title XIX of the Social Security Act ("Medicaid Act"), 42 U.S.C. § 1396 *et seq.*, and Medicaid regulations promulgated by the Secretary of the United States Department of Health and Human Services, at 42 C.F.R. Parts 430-456, in violation of 42 U.S.C. § 1983.

57.     Plaintiff therefore asks the Court to award all the relief to which she is entitled in law or equity, including:

        a.     awarding damages against Defendant Aetna;

b.      awarding temporary, preliminary, and permanent injunctive relief requiring Defendants to halt their actions in violation of law and to immediately implement the March 14, 2023, hearing decision;

c.      awarding Plaintiff costs and a reasonable attorney fee.

## COUNT II

58.      Under federal law, Bureau of Medical Services Chapter 519.24, and the final administrative decision entered March 14, 2023, Plaintiff has a legal entitlement to, and a protected property interest in, Medicaid benefits to cover the three surgeries scheduled for September 2023.

59.      By refusing to implement that decision as required by law, and by illegally seeking to overturn it, Defendants, acting in concert under color of state law, have arbitrarily and capriciously injured, and continue to injure, Plaintiff by deprivation of her constitutional rights to procedural and substantive due process, in violation of 42 U.S.C. § 1983.

60.      Plaintiff therefore asks the Court to award all the relief to which she is entitled in law or equity, including:

a.      awarding damages against Defendant Aetna;

b.      awarding temporary, preliminary, and permanent injunctive relief requiring Defendants to halt their actions in violation of law and to immediately implement the March 14, 2023 hearing decision;

c.      awarding Plaintiff costs and a reasonable attorney fee.

## COUNT III

61.      On information and belief, it is Defendants' policy and practice to honor the results of state hearing decisions, including Medicaid state hearing decisions favorable to recipients, and to implement them within time limits established by federal law.

11

62.     On information and belief, Defendants have failed and refused to accept and honor Plaintiff's favorable fair hearing decision, or to implement it within 72 hours of the decision, because Plaintiff is transgender and because the services approved are medically necessary for the treatment of gender dysphoria.

63.     Defendants, acting in concert under color of state law, therefore have injured and continue to injure Plaintiff by discrimination in violation of federal law and by invidious discrimination infringing Plaintiff's constitutional right to the equal protection of the law, in violation of 42 U.S.C. § 1983.

64.     Plaintiff therefore asks the Court to award all the relief to which she is entitled in law or equity, including:

      a.     awarding damages against Defendant Aetna;

      b.     awarding temporary, preliminary, and permanent injunctive relief requiring Defendants to halt their actions in violation of law and to immediately implement the March 14, 2023 hearing decision;

      c.      awarding Plaintiff costs and a reasonable attorney fee.

## VERIFICATION

I, Mara Forloine, state under penalty of perjury that I have personal knowledge of the factual allegations made in the above complaint. I declare under penalty of perjury that I have read the factual allegations of this complaint, and that those allegations are true.

 June 23, 2023                     /s/ *Mara Forloine*       
Date                                  Mara Forloine[1]

---

[1] *See* original ink signature, attached as Exhibit 5.

**MARA FORLOINE, Plaintiff**
**By counsel:**


/s/ Lydia C. Milnes
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Phone: (304) 326-0188
Facsimile: (304) 326-0189
lesley@msjlaw.org
lydia@msjlaw.org
*Counsel for Plaintiff*